Albert **HENDERSON**, Plaintiff,

v.

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 3427-62.**

United States District Court
District of Columbia.

July 29, 1964.

———◆———

Robert I. Dennison, Dennison & Dennison, Washington, D. C., Wm. H. Parmelee, Edward F. Welsh, Pittsburgh, Pa., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to 35 U.S.C. § 145 to obtain judgment authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States containing claims 31, 32 and 34 through 46, inclusive, on application Serial No. 626,488 entitled "Precast Segmental Building Units" filed December 5, 1956 by the plaintiff.

The invention described in the application relates to a building construction wherein the building is comprised basically of a series of units joined together in abutting relation. Each unit comprises a lower or floor segment in the form of a single concrete panel or slab with at least two integral rigid wall portions projecting upwardly therefrom and an upper or roof segment which is also an integral panel or slab which has at least two spaced depending wall sections that are set on and joined to the rigid wall portions of the lower section. The units formed of two segments so arranged provide a cubical having an integral floor slab combining the functions of flooring and beams or joists, an integral roof or ceiling combining the function of an overhead covering and rafters or beams, and side walls with a horizontal joint where the vertical wall portions of the respective sections of each unit abut. No framing, such as beams, studs, joists or rafters, appears to be necessary in this construction.

Claim 44 is the broadest claim in the case, and reads as follows:

"A preformed portable reinforced concrete building unit for a room, the said unit comprising a floor or roof member integrally formed to spaced vertical wall members the distance between wall members being substantially equal to the width of the room and the height of the wall members being substantially equal to half the height of the room, the length of the wall members being equal to the length of the floor or roof members and of partial room length, whereby said unit may be assembled with its walls in superposed relation to the walls of a similarly formed unit and in end-to-end relation to other similarly formed units, to form a room of full height and length."

All the claims before the Court were rejected by the Examiner as unpatentable in view of a United States patent to

Henderson, No. 2,691,291, a United States patent to Alexander, No. 1,418,510, and a French patent, No. 992,188 of 1951.

At trial, counsel for defendant introduced two additional references, a British patent to Wisner, No. 144,913 of 1920, and an article from the "Engineer News-Record" for May 2, 1946, pp. 93–96. Also at trial, plaintiff moved to amend his Complaint to withdraw method claims 31 and 32. The Court, thereupon, instructed that the record show judgment for the defendant on these two claims.

The Examiner's position was that the subject matter of plaintiff's claims would have been obvious to persons having ordinary skill in the art at the time the invention was made in view of the three patents he relied upon. The Board of Appeals affirmed the Examiner, but preferred "to rely upon the French patent alone".

The Henderson patent discloses formation of a building from portable precast reinforced concrete segments, which may be full upright ring segments placed end-to-end, or half ring segments which are joined medially of their roof and floor spans in vertical joints at the construction site to form full ring segments. Some of the segments have protruding porticos and walkways with balustrades, one embodiment having an integrally cast partial interior wall with reinforcing rods welded together at the joints.

The French patent shows a building construction consisting of a basic upright ring unit similar to that of the Henderson patent but also discloses the concept of making up the ring segment from left and right U-shaped halves which are connected at the middle of the floor and roof spans in vertical joints at the construction site.

The Alexander patent shows a method of horizontally severing a frame house into three sections in order to facilitate moving it from one location to another. The sections are individually carried to the new site and then reassembled to restore the edifice to its original form.

The Wisner patent discloses constructing buildings from portable preformed concrete units which are vertically stacked side-by-side. Each unit consists of a floor-ceiling portion which is integrally cast, and has full depending walls on at least three sides. This portion is placed upon a floor slab at the building site to form an enclosure.

The "Engineer News-Record" article reports a method of monolithic reinforced-concrete casting of houses. After the house is cast it is moved to the building site as a single unit.

At trial, the issue before the Court narrowed to the question of whether the French patent itself contained subject matter which would suggest the plaintiff's concept. The patent catalogued several examples of how prefabricated houses might be cast in a manner allowing movement of the casting to the building site. First, it described casting and assembling a series of rectangular rings shaped so they could be placed one upon another to form a cubic enclosure, much as would be done in building a log cabin. It also disclosed taking these same rings and standing them upright upon one leg and positioning each ring horizontally adjacent to its neighbor in such a way as to form a longitudinally extended enclosure of square cross-section. In each of these examples it was necessary to sever the rectangular ring in the middle of its longest side to transport it to the building site. The result of this severing operation was to create two U-shaped semi-ring components which, when fitted together again at the building site, formed the configuration of the ring as originally cast.

The plaintiff has conceived and claimed a cast U-shaped unit, the legs of which are always used as walls of the completed structure, and the connecting portion of which is always used as either the roof or the floor of the completed structure.

Despite the many examples in the French patent of how U-shaped semiring members might be positioned, there is no teaching whatsoever in that patent of a member cast and used in the fashion

the plaintiff has chosen. In view of this marked absence in the French patent of such a concept, it is difficult for the Court to say that the structure of the plaintiff's claims would have been suggested by it.

The Patent Office has argued that it would be obvious to "turn" the U-shaped semi-ring of the French patent 90°, thus using as a roof or floor what the French patent now uses for a wall, and using for the walls what the French patent now uses to form a roof or floor. It was demonstrated at trial, however, that the intrinsic design requirements of walls are dramatically different from those of roofs and floors, and vice versa. In view of this, it is difficult for the Court to agree that a person familiar with the building art would be taught by the French patent to make such an unlikely modification of that patent's basic structure.

The Alexander patent, as previously noted, relates to a method for separating a house into segments and incrementally moving the segments one at a time from an old building site to a new building site. The Henderson patent is owned by the plaintiff and is devoted to forming buildings from precast concrete segments formed to make complete cubes. In view of the decision by the Board of Appeals not to rely upon either of these references, and in view of the testimony concerning these references adduced at trial, there appears to be little doubt that they bear but slightly upon the issue of obviousness over the prior art.

Similarly, the British patent to Wisner and the article from "Engineer News-Record" are but tangentially related to the method of casting and assembling U-shaped building segments in the manner plaintiff claims. Wisner does not contemplate pouring floor and wall segments to form an integral unit, and neither does the article from the "Engineer News-Record". Since it is this integrity of the floor and walls that constitutes the essence of plaintiff's invention, the Court does not believe these references would have suggested the same to persons ordinarily skilled in the art.

After studying the record in the Patent Office, weighing the evidence at trial, and reviewing the briefs of the parties, it is the opinion of the Court that the totality of the evidence compels a finding that the Patent Office has erred.

Accordingly, the Court finds for the plaintiff and against the defendant, and authorizes the Commissioner of Patents to issue to plaintiff Letters Patent of the United States containing claims 34 through 46 of application Serial No. 626,-488. The Complaint will be dismissed as to claims 31 and 32.

The above Opinion contains Findings of Fact and Conclusions of Law.